UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
JOAN M. KINGSBURY,                     )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )   Civil Action No. 10-11279-LTS
                                       )
MARSH & McLENNAN CO., INC.,            )
                                       )
            Defendant.                 )
_____)
```

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

January 31, 2011

SOROKIN, MJ

The Plaintiff, Joan Kingsbury, filed this lawsuit seeking to recover ERISA pension benefits for her deceased sister, Lorna Hutcheon. Kingsbury alleges that Hutcheon was employed as an actuary by the Defendant, Marsh & McLennan Companies, Inc. (MMC) between 1956 and 1977, but never sought to obtain retirement benefits due to her. When Hutcheon became terminally ill, her brother-in-law (husband of the Plaintiff) contacted MMC and applied for her benefits. MMC denied the claim, and also prevailed on the administrative appeal. See Administrative Record (A.R.) at 10-12. Kingsbury seeks judicial review of that administrative decision pursuant to the Employee Retirement Security Act, ERISA.

According to Social Security Administration records, Hutcheon worked for MMC from 1956 to 1977. See A.R. at 44. She reached sixty-five years of age on July 5, 2000. Id. at 34. Nothing in the administrative record demonstrates that Hutcheon either received or sought

1

pension benefits during the period between her sixty-fifth birthday and October 4, 2007, when the Plaintiff's husband directed an inquiry to MMC's retirement center. Id. at 10. Thereafter, further inquiries occurred, resulting in a formal claim for benefits and a formal denial. Id. at 10-12.

The statute of limitations for ERISA actions in Massachusetts is six years, absent an agreement in a specific pension plan to the contrary. See Alcorn v. Raytheon Co., 175 F.Supp.2d 117, 120-21 (D. Mass.2001) (Keeton, J.) (looking to state law for an ERISA limitations period and permitting parties to contract for shorter, reasonable periods). Thus, in this case, the Court applies the six-year rule because no party has cited any provision of law or of a plan suggesting that a different limitations period applies.

The question of when the statute of limitations begins to run is a question of federal common law. Laurenzano v. Blue Cross and Blue Shield of Massachusetts, Inc. Ret. Income Trust, 134 F. Supp. 2d 189, 207 (D. Mass.2001) (citing Salcedo v. John Hancock Mut. Life Ins. Co., 38 F. Supp. 2d 37, 40 (D. Mass.1998)). Case law indicates that a cause of action accrues when "a plan clearly and unequivocally repudiates the plaintiff's claim for benefits and that repudiation is known, or should be known, to the plaintiff." Carey v. Intl. Broth. of Elec. Workers Loc. 363 Pension Plan, 201 F.3d 44, 49-50 (2d Cir.1999); See, e.g., Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 523 (3d Cir. 2007)(invoking federal discovery rule to determine accrual date and applying it under the "clear repudiation" doctrine); Union P. R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir.1998)(same). Under this principle, accrual occurred when the Plan clearly repudiated Hutcheon's claim for benefits by not paying her a pension upon turning 65. Ozarowsky v. Owens-Illinois, Inc., 2010 WL 2696789, *5-6 (W.D. Pa. 2010). Thus, the Defendant's "failure

2

to pay any amount to [Hutcheon] after [s]he turned 65 years old . . . should have been clear to [her that] . . . . the statute of limitations began to run from the first missed payment." Id. at *6. Hutcheon first made a claim, however, at the earliest, on October 4, 2007, well after six years elapsed from one month beyond her sixty-fifth birthday. A.R. at 10.

The Court recognizes that several cases from this district hold that certain ERISA causes of action do not accrue until a plaintiff has exhausted her internal administrative remedies. See, e.g., Forrest v. Paul Revere Life Ins. Co., 662 F. Supp. 2d 183, 192 (D. Mass.2009); Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Mass., Inc., 2007 WL 4589335, *13 (D. Mass.2007); Salcedo v. John Hancock Mut. Life. Ins. Co., 38 F. Supp. 2d 37, 43 (D. Mass.1998). The Plaintiff, at oral argument, invoked this line of cases in opposition to the statute of limitations defense. On the Plaintiff's reading of these cases, her claim did not accrue until the final denial of her claim at the end of the administrative process in 2010, after which she had six years to sue, and thus by extension the Plaintiff had an unlimited period of time to file a claim. Under this theory, however, a "plaintiff could thereby trigger the statute of limitations at [her] own discretion, creating an indefinite limitations period." Ozarowsky, 2010 WL 2696789 at *6. The court in Ozarowsky rejected such a construction. Moreover, the line of cases cited by the Plaintiff did not consider the circumstance that occurred here, i.e., a plaintiff consuming the entire six-year statutory limitations period prior to even initiating the administrative process.

Accordingly, the claim is untimely and barred by the statute of limitations.[1]

In any event, the claim fails on the merits. The evidence in the record regarding the merits

---

[1] In addition, I note, that by allowing Plaintiff to pursue an administrative appeal as a courtesy Defendant did not waive the statute of limitations defense and Plaintiff has not suggested otherwise.

3

is sparse. Social Security records show that Hutcheon worked for "Marsh McLennan of Mass" from 1956 to 1977. A.R. at 44. Hutcheon filed an affidavit also attesting to that general fact and providing various details regarding her residence during this period. Id. at 34-35. Notably, her affidavit omits any mention of her participation in any way in any pension plans with the Defendant. See Id. at 34. The Plaintiff's husband, Hutcheon's brother-in-law, has filed an affidavit in which he asserts that Hutcheon told him that she participated in the pension plan, that an unnamed employee of MMC had orally confirmed to her that she was vested prior to her departure, and that she had never sought pension benefits. Id. at 74-76. Finally, the Plaintiff asserted that Hutcheon worked as an actuary. Id. at 74. The Defendant states that it maintains records of persons with a current or potential entitlement to benefits and that Hutcheon's absence from these records shows that she is not entitled to benefits. Id. at 6-8. The Defendant also points to the substantial efforts it took to investigate the Plaintiff's claim. Id. at 7; See also, Id. at 175.

In this case, the arbitrary and capricious standard of review applies. The Plan language, (See Plan, Docket #20-1 at § 2.3) triggers this standard of review. Gannon v. Metro. Life Ins. Co., 360 F.3d 211, 213-14 n. 1 (1st Cir.2004). While the Plaintiff asserts that there is a conflict of interest — the facts do not bear this out as being a factor of significant weight in this case. Pension benefits are paid out of a separate trust. Docket # 22, 17. Moreover, the Plaintiff has failed to carry her burden of showing how the conflict she alleges influenced the decision. Cusson v. Liberty Life Assurance, 592 F.3d 215, 225 (1st Cir.2010).

The Plaintiff has not shown that the decision was arbitrary and capricious. Even accepting the Plaintiff's theory that Hutcheon, as an employee of Marsh & McLennan, was within the non-contributory plan submitted to the Court, and that Hutcheon otherwise qualified for benefits under

the plan, the Plaintiff still fails to carry her burden of proof in light of the lack of records in the Defendant's possession. Simply put, even under the Plaintiff's theory, Hutcheon's entitlement to benefits is not axiomatic, e.g., she may well have taken a lump sum payment or other buy out of her pension benefits in 1977 when she left the company, or at another point in time. Thirty-three years later, the absence of records of such events is unsurprising. The absence of any statement in Hutcheon's own affidavit regarding her participation in or entitlement to any pension benefits from the Defendant supports the Defendant's determination. See AR, 34-35. Nothing other than mere speculation or hearsay[2] establishes her entitlement, while the absence of records (when the Plan maintains records of current and potential participants) supports the Plan's decision. The decision is not arbitrary and caprious.[3]

---

[2] The conversation reported by the brother-in-law would not be admissible under the Federal Rules of Evidence. Although the Plaintiff notes that the statement of Hutcheon was made by her under the belief of her impending death, not all statements made in that circumstance are admissible despite the hearsay rule. Rather, it is only statements concerning the cause or circumstances of what the declarant believed to be her impending death that are not excluded by the hearsay rule. See Fed. R. Evid. 804(b)(2). The Plaintiff's affidavit, moreover, constitutes double hearsay, in that he seeks to admit as evidence Hutcheon's hearsay statement to him concerning the unnamed employee's hearsay statement that she was vested. Nor is this a circumstance providing "circumstantial guarantees of trustworthiness" such as is contemplated by Fed. R. Civ. P. 807. While not dispositive, the exclusion points to the unreliability of the statement and defeats the contention that the Defendant erred in rejecting the evidence, especially in light of the rest of the record.

[3] Indeed, even if de novo review applied, the Court would find Plaintiff has not established the claim.

For the foregoing reasons, the Motion for Summary Judgment of the Plaintiff (Docket # 19) is DENIED and the Defendant's Cross-Motion for Summary Judgment (Docket # 22-3) is ALLOWED.

      /s/ Leo T. Sorokin
      Leo T. Sorokin
      United States Magistrate Judge